888 F.2d 1392
 1989 Copr.L.Dec. P 26,500
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. SILVA and Living Waters Publishing and
Distributing, Inc., Plaintiffs-Appellants,
v.
Shirley MACLAINE, Colin Higgins, Stan Marguilies, Brandon
Stoddard, American Broadcasting Companies, Inc.
and Bantam Books, Inc., Defendants-Appellees.
 Nos. 88-1968, 89-1038.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Charles A. Silva (Silva) and Living Waters Publishing and Distributing Co., Inc. (Living Waters) have appealed from the district court's grant of summary judgment in favor of defendants-appellees, Shirley MacLaine, et al.[1] (collectively referred to as defendants) in this copyright infringement action. Silva, author of Date With the Gods, initiated this action against defendants alleging that MacLaine's book, Out On A Limb, and subsequent movie, also entitled Out On A Limb (broadcast in January, 1987), infringed on his copyright of Date With the Gods.
 
 
 2
 Upon review of Silva's assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that, as a matter of law, Silva has not demonstrated that his book, Date With the Gods was substantially similar to MacLaine's Out On A Limb. Accordingly, the summary judgment in favor of the defendants is AFFIRMED for the reasons stated in the district court's opinion of July 27, 1988. Silva v. MacLaine, 697 F.Supp. 1423 (E.D.Mich.1988).
 
 
 3
 Silva has also appealed the district court's award of attorney's fees in the amount of $27,881.25 and costs in the amount of $2,298.92, pursuant to 17 U.S.C. Sec. 505. This court concludes that the district court abused its discretion in awarding attorney's fees and costs pursuant to Sec. 505, because Silva was reasonably justified in commencing the instant lawsuit. See Trapani v. CBS Records, 857 F.2d 1475 (6th Cir.1988) (unpublished per curiam); Original Appalachian Artworks v. McCall Pattern Co., 825 F.2d 335 (11th Cir 1987). Accordingly, the district court's award of attorney's fees and costs is REVERSED.
 
 
 
 [1]
 The other defendants-appellees are Bantam Books, Inc., publisher of MacLaine's book, American Broadcasting Companies, Inc., producer of a television film version of MacLaine's work. Colin Higgins, Stan Marguilies and Brandon Stoddard participated in the production of the film